**WO**                                                                                          MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rickie Lynn Rarey, | No. CV-22-00313-TUC-SHR |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Federal Bureau of Prisons, | |
| Defendant. | |

Plaintiff Rickie Lynn Rarey, who is currently confined in the United States Penitentiary-Tucson, filed this pro se civil rights action pursuant to 28 U.S.C. § 1331 and the Rehabilitation Act against the Federal Bureau of Prisons. Before the Court is a letter from Plaintiff (Doc. 72), which the Court construes as a Motion for Preliminary Injunction.[1] The Court will deny the Motion.

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined Plaintiff stated Eighth Amendment and Rehabilitation Act claims in Counts One and Two regarding his diabetic needs and required Defendant to answer the Complaint. (Doc. 7.)

---

[1] It is improper for a party to communicate by mailing a letter directly to the Clerk of Court, the judge, or any court personnel. Any request for action by the Court must be in the form of a motion that complies with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Plaintiff.

## II. Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Generally, the Court lacks jurisdiction over claims for injunctive relief not related to the claims pleaded in the operative complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633, 636 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (noting a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint); *see also Prince v. Schriro, et al.*, CV-08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (stating, unless a claim concerns access to the courts, the Plaintiff must

show a nexus between the relief sought and the claims in the lawsuit.).  An exception to this rule arises where the injunctive relief sought is related to a prisoner's access to the courts.  *See Prince*, 2009 WL 1456648, at *4 (where the relief sought relates to a prisoner's access to the court, "a nexus between the preliminary relief and the ultimate relief sought is not required[,]" and the court need not consider the merits of the underlying complaint (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990))).

The right of access to the courts is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  The right of access to courts does not stop at the pleading stages.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne,* 807 F.3d 1202, 1209 n.2 (9th Cir. 2015).  Prisoners have the right to litigate claims challenging their sentences or the conditions of their confinement "without active interference."  *Id.*  Once the litigation of a civil rights claim has advanced beyond the pleading stage, prisoners have the right to serve and file necessary documents, send and receive communications to and from judges and lawyers, or to assert and sustain defenses related to such matters without barriers by state actors.  *See id.*; *DeWitt v. Pail*, 366 F.2d 682, 685–86 (9th Cir. 1966).  To support an active interference claim, a prisoner must allege facts showing that officials' actions hindered the ability to litigate and that, as a result, the prisoner suffered an actual injury.  *Silva*, 658 F.3d at 1102, 1104; *see Lewis*, 518 U.S. at 349.  Actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348–49; *see Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge").

**III.   Motion for Injunctive Relief**

In his Motion, Plaintiff states he is indigent and is trying to get the unit team to make copies for him, but they ignore his request.  (Doc. 72 at 1.)  Plaintiff asks the Court to help him with copies and postage.  (*Id*.)  Plaintiff also states he emailed "the Defense" a request to see his logbooks, but he did not receive a reply.  (*Id*.)  Plaintiff asks for help with this but does not say what help he seeks from the Court.  (*Id*.)

Plaintiff's claim regarding copies and postage potentially implicates his right of access to the courts, which allows the Court to consider the Motion. Nevertheless, the Motion fails because Plaintiff has not alleged an actual injury. Plaintiff has not explained what he needs copied or mailed, how the lack of copies or postage has hindered his ability to litigate, or whether he has been unable to meet a filing deadline or present a claim. Because Plaintiff has not shown he faces irreparable harm or he is likely to succeed on the merits of an access-to-court claim, the Court will deny this Motion. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (declining to address remaining elements of preliminary injunction standard because the plaintiffs failed to show they are likely to suffer irreparable harm in the absence of preliminary relief).

Accordingly,

**IT IS ORDERED** Plaintiff's Letter (Doc. 72), which the Court construes as a Motion for Preliminary Injunction, is **DENIED**.

Dated this 2nd day of April, 2024.

Honorable Scott H. Rash
United States District Judge