**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickie Lynn Rarey,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Bureau of Prisons,<br><br>    Defendant. | No. CV-22-00313-TUC-SHR<br><br>**Order Granting Motion to Preclude** |

Pending before the Court is "Defendant's Motion to Preclude Expert Opinions/Testimony of Paul Volkman" (Doc. 98). The Court has reviewed the Motion, Plaintiff's Response (Doc. 99), and Defendant's Reply (Doc. 100). For the following reasons, the Court will grant the Motion.

**I. Legal Standard**

Rule 702 and *Daubert v. Merril Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) govern the admissibility of expert witness testimony. Generally, a witness who is qualified as an expert may testify to his or her opinions if the proponent demonstrates to the Court that it is more likely than not that:

> (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. A trial court functions as a "gatekeeper," excluding expert opinions if they do not meet the requirements of relevance and reliability under Rule 702. *See Daubert*, 509 U.S. at 589. A court accomplishes this by preliminarily determining an expert is qualified to testify and the expert's testimony will be both relevant and reliable. *Id.* at 585–95.

**II.   Analysis**

Defendant asserts Dr. Paul Volkman is not qualified to testify as a medical expert in this case primarily because he has not practiced medicine for many years.[1] (Doc. 98 at 1–2.) While Dr. Volkman used to be a board-certified physician, he has since lost his medical license in 2008, has not testified as an expert since 2000, and is currently incarcerated. (*Id.* at 2; *see also* Doc. 98-1 at 6–7.) Dr. Volkman never treated Plaintiff, nor did he prepare an expert report. (Doc. 98 at 2.) In response to Defendant's assertions, Plaintiff states "Defendant raises the valid legal point that, since Dr. Volkman has not practiced medicine in Arizona for over a year, he can be excluded from proffering expert medical testimony." (Doc. 99 at 1.) Yet, because Dr. Volkman has a medical degree and a PhD and "over 30 years of basic research and medical practice," Plaintiff still asserts he is qualified to testify. (*Id.* at 1–2.)

The Court finds Dr. Volkman is not qualified to testify as an expert. There are many reasons, any of which would be enough on its own, to exclude Dr. Volkman's testimony. First, he has not practiced medicine for nearly two decades. (Doc. 98-1 at 13.) Second, he has not otherwise stayed up to date on the current medical best practices which are constantly evolving. Third, Dr. Volkman completed a residency in pediatrics and completed a fellowship in clinical pharmacology. (Doc. 98-1 at 9–10; Doc. 94-1 at 1–2.) Even assuming Dr. Volkman were somehow up to date on medical best practices such that he could provide reliable medical testimony, he does not have any training in the specialty

---

[1] For the purposes of this analysis, the Court will disregard Defendant's arguments under A.R.S. § 12-2604 because that statute's heightened requirements do not apply when the defendant is an institution. *See Windhurst v. Ariz. Dep't of Corr.*, 536 P.3d 764, 770 (Ariz. 2023).

at issue, namely endocrinology. Nor does he have specialized experience or training in prison medicine or any of the relevant standards for an institution such as the Bureau of Prisons. Therefore, his opinions on Plaintiff's claims would not be reliable or relevant. Furthermore, even assuming the Court were inclined to find Dr. Volkman qualified and able to provide relevant testimony, the Court would still exclude Dr. Volkman under Federal Rule of Civil Procedure 37(c)(1) because Plaintiff has not disclosed an expert report pursuant to Rule 26(a)(2)(B). Accordingly, Plaintiff has not met his burden to show that Dr. Volkman is qualified as an expert and can provide reliable and relevant testimony to support any of his claims.

**III.  Conclusion**

**IT IS ORDERED** the Motion (Doc. 98) is **GRANTED**. Dr. Volkman cannot testify as an expert in this case.

**IT IS FURTHER ORDERED** any Motion for Summary Judgment shall be filed no later than **Friday, October 11, 2024**.

Dated this 10th day of September, 2024.

Honorable Scott H. Rash
United States District Judge